## CIRCUIT COURT OF ARLINGTON COUNTY

Ahmad Rezai

    v.

Mahmoud Gudarzi,
F. R. Rezai,
and Bank of Virginia

January 18, 1989

Case No. (Law) 24925

By JUDGE THOMAS R. MONROE

I have carefully considered the evidence at trial, the able arguments of counsel, the briefs submitted, and make the following findings of facts and conclusion of law.

The issues presented are: whether the defendant, Bank of Virginia, acted under its contractual right of set-off, or pursuant to its rights under the pledge of the Certificates of Deposit. Whether it was entitled to apply the Certificates of Deposit to Defendants' (Dr. F. R. Rezai and husband, Mahmoud Gudarzi) indebtedness to the Defendant, Bank of Virginia, when both Defendants defaulted on their obligation to the bank.

To decide this issue, a recapitulation of facts follows.

On or about January 27, 1982, Plaintiff purchased two Certificates of Deposit from the Defendant, Bank of Virginia, being numbers C.D. 001157056 and 001157049, each in the principal sum of $70,000.00. Plaintiff authorized the Defendant, Bank of Virginia, to place the name

of his sister, Dr. F. R. Rezai, on each of the Certificates. All the earned interest was credited to the account of the Plaintiff and so reported to Internal Revenue Service by the Defendant bank. All statements were sent by the bank to Plaintiff's address and none to Dr. F. R. Rezai.

It came to the attention of the Plaintiff in April, 1983, that the Bank of Virginia claimed a pledge agreement assigning Certificate of Deposit No. 0011057023 and hypothecation pledge agreement pledging funds on deposit at Bank of Virginia in Certificate No. 0011057023 (Plaintiff's Exhibits No. 6 and 5 respectively) both dated April 23, 1982, signed by Defendants, Dr. F. R. Rezai and her husband, Mahmoud Gudarzi, which guaranteed payment of a line of credit extended to Defendant, Mahmoud Gudarzi's business secured by an assignment of the $110,000.00 Certificate of Deposit on July 15, 1981, both Defendants executed an assignment of the book entry, $140,000.00 Certificate of Deposit.

When Plaintiff learned of the 1981 pledge, he confronted both Defendants, his sister, Dr. F. R. Rezai, and his brother-in-law, Mahmoud Gudarzi. Plaintiff had his attorney prepare an agreement dated May 16, 1983 (Exhibit A Rezai # 20) and had both Defendants execute the same. Plaintiff and both Defendants went to Defendant bank and presented this executed agreement, which acknowledged that sister and brother-in-law pledged the Certificate of Deposit to the bank, but also stating that Dr. F. R. Rezai never had authority to pledge the Certificates of Deposit. In June, 1983, Dr. F. R. Rezai pledged the two $70,000.00 book entry Certificates of Deposit, which were renewals of the original $140,000.00 book entry Certificate of Deposit to the bank.

In February, 1984, Defendants, Dr. F. R. Rezai and Mahmoud Gudarzi, defaulted on the line of credit extended to Unlimited Service in Management Information, Inc., by Signet Bank/Virginia, and the latter applied the two $70,000.00 renewal book entries Certificate of Deposit to pay off the loan balance, remitting by check to "Ahmad Rezai or Dr. F. R. Rezai" the balance of collateral and interest to February 24, 1984, in the amount of $5,998.85 (Exhibit Defendant Signet # 13).

*Conclusions of Law*

The initial account was an interest, checking account No. 5530316 opened on April 4, 1977, in the name of Ahmad Rezai (Exhibit Signet Bank # 5) and at a subsequent time, the same numbered signature card was changed to add the name and signature of Fatemeh R. Rezai, "Dr. F. R. Rezai" and in type "MAKE JOINT" (Exhibit Signet Bank # 6). Each account contained the following:

> All accounts requested shall be subject to, and the above signed will be bound . by, the applicable rules, regulations, and agreements governing such accounts, in effect on the date and as modified from time to time by the Bank of Virginia Potomac, copies of which are available upon request.

The initial Certificate of Deposit No. 133235 of $110,000.00 was issued by Bank of Virginia now, Defendant Signet Bank Virginia, to Ahmad Rezai or Dr. F. Rezai under date of July 15, 1980. This Certificate of Deposit was rolled over at maturity on January 13, 1981, in the same names "Ahmad Rezai or Dr. F. Rezai" with a maturity date of July 14, 1981.

On each Certificate of Deposit, the following words were included:

> This certificate is subject to the rules and regulations of governmental regulatory authorities and of this issuing bank.

Each Certificate of Deposit relative to interest states "will be paid monthly to 6275530316" which account is the original checking account opened on April 4, 1977.

On July 14, 1981, Plaintiff or Dr. F. R. Rezai, added $30,000.00 and by the method of "advice of Book Entry" obtained a six-month Certificate of Deposit No. BE0011057064 in the amount of $140,000.00 payable to Ahmad Rezai or Dr. F. R. Rezai and stating again "interest: monthly to 6275530316" (Exhibit Signet # 10). At maturity January 12, 1982, again by the method of "Advice of Book Entry" this original $140,000.00 Certificate of Deposit

was split into two Certificates of Deposit Nos. BE00110570560 and BE0011057049 respectively in the amount of $70,000.00 each, payable to "Ahmad Rezai/Ahmad Rezai or Dr. F. R. Rezai" and each stating "paid monthly" (meaning interest) to 6275540316 (Exhibit Signet 9A and 9B).

At the time the Defendants, Dr. F. R. Rezai and Mahmoud Gudarzi, pledged the two Certificates of Deposit on Multiple-Party accounts, Code Section 6.1-125.1, et seq., were in effect as well as the Rules and Regulations agreements governing both accounts not in conflict therewith. Section 6.1-125.1(4) states that a "joint account" means an account payable on request to one or more of two or more parties whether or not mention is made of any right of survivorship."

Savings Certificate of Deposit Account Agreement (Exhibit Signet 15c) then in effect, 1.(a) states "a joint account is one opened by two or more people and is payable on request to any of them." This language substantially follows the language of Section 6.1-125.1(4) of the Code. It further provides "the account belongs to each person according to all their deposits, minus all their withdrawals, plus their share of any interest . . . each person can use all the money on deposit, including pledging it as collateral." Section 8 of the Certificate of Deposit Account Agreement provides that "we can withdraw money from your account and apply it to any money you owe us. If you have a multiple-party account, we can withdraw money from your account, even if the other person on the account is not liable for the debt."

When both Defendants, Dr. F. R. Rezai and Mahmoud Gudarzi, pledged the two Certificates of Deposit, even though the latter did so without any authority, on July 15, 1981, this constituted payment [to] Defendant Signet Bank/Virginia pursuant to Section 6.1-125.1(8) which provides that "payment" of sums on deposit includes withdrawal, payment on check or other directive of a party, and any pledge of sums on deposit by a party and any set-off, or reduction or other disposition of all or part of an account. The pledges of the two Certificates of Deposit constituted payment. The Bank's application of the two Certificates of Deposit on February 24, 1984, relate back to the time of pledge, and the Bank is dis-

charged as to further obligation under the Certificates of Deposit to Plaintiff, Ahmad Rezai.

Plaintiff's delivery of the Agreement (Exhibit A Rezai # 20) signed by Dr. F. R. Rezai and Mahmoud Gudarzi was not a directive to the Bank, and Dr. F. R. Rezai was not a person then "able to request present payment" pursuant to Virginia Code Section 6.1-125.7. The delivery to the Bank served no purpose in altering the rights of the parties with reference to the Certificates of Deposit. The Bank with knowledge that Plaintiff, Ahmad Rezai, was the beneficial owner of the checking account and Certificates of Deposit, was not barred from enforcing its rights set forth in the Code, Sections 6.1-125.1 through 6.1-125.16, and in its Rules, Regulations and Agreements . . . copies of which are available upon request. Here the Plaintiff, Dr. Rezai, and the Bank agreed to be bound by the Bank's rules and regulations with respect to the checking account and the Certificates of Deposit, thus allowing the Bank to satisfy the loan owing to the Bank by the Unlimited Service in Management Information, Inc., wherein Dr. F. R. Rezai and Mahmoud Gudarzi were guarantors for payment. *Fleming v. Bank of Virginia*, 231 Va. 305 (1986). This case is distinguished from *Fleming v. Bank of Virginia*, *supra*; in that case the language of the signature card referred to "all accounts requested."

The Plaintiff's suit against Signet Bank/Virginia is dismissed for the foregoing reasons.

Defendants, Dr. F. R. Rezai and Mahmoud Gudarzi, acted without legal authority from Plaintiff in pledging the Certificates of Deposit as collateral for payment of the loan made by Defendant Signet Bank/Virginia to Unlimited Service in Management Information, Inc. Inasmuch as they, Dr. F. R. Rezai and Mahmoud Gudarzi, used his Certificates to satisfy their obligation, Plaintiff is granted judgment against both Defendants, Dr. F. R. Rezai and Mahmoud Gudarzi, jointly and severally, in the sum of $134,001.15 with interest at 13.75% from February 24, 1984, until paid.

The Amended Cross-Claim of the Bank of Virginia against Defendants, Mahmoud Gudarzi and Dr. F. R. Rezai, is dismissed with prejudice.

The Cross-Claim and Third-Party Complaint of Dr. F. R. Rezai v. Bank of Virginia and Carolyn Ward et al.,

is dismissed with prejudice. Cross-Claimant, Dr. F. R. Rezai, does not sustain her burden of proof by a preponderance of the evidence that Cross-Defendants misrepresented that the statements and representations made to her by the Bank, its officers and agents, including Carolyn Ward and unknown person, were materially false or that the statements and representations made to her were willfully and knowingly false.